# SHER TREMONTE LLP

March 24, 2023

**<u>BY ECF</u>**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



Re:   ***Alexander Shin v. Ava Labs, Inc.,*** Case No. 22-cv-02789 (KPF) (KHP)

Dear Judge Failla:

We write on behalf of our client, Defendant Ava Labs, Inc. ("Ava Labs" or "Defendant"), pursuant to Rule 9(B)(i) of Your Honor's Individual Rules of Practice in Civil Cases, to respectfully request the Court's permission to file under seal and/or redact portions of certain deposition transcripts and portions of one document included as exhibits in Defendant Ava Labs, Inc.'s Motion for Summary Judgment.

Ava Labs respectfully submits that good cause exists for sealing and/or redaction, as certain portions of the deposition transcripts contain proprietary business information that is "commonly sealed," such as "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020).  Good cause for sealing and/or redaction of one document also exists to prevent the disclosure of sensitive third-party compensation information.

First, certain portions of the deposition transcripts contain commercially sensitive discussions of Ava Labs' negotiations with potential business partners, customers, and other counterparties.  Sealing or redaction of these materials is justified because these discussions would commercially disadvantage Ava Labs or its business partners if made public. *See Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 413 (S.D.N.Y. 2015) (granting motion to seal emails detailing confidential negotiations between plaintiff and one of its customers submitted in connection with summary judgment motion); *Frontier Airlines v. AMCK Aviation*, No. 20 CIV. 9713 (LLS), 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (granting motion to seal documents included in summary judgment opposition reflecting negotiations between parties, because "disclosure of these documents would place the parties in competitive disadvantage in future negotiations"); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL

Hon. Katherine P. Failla
March 24, 2023
Page 2


3264264, at *3 (S.D.N.Y. June 17, 2020) (identifying "customer negotiations" as one category of proprietary business information that may be submitted under seal).

Second, certain portions of the deposition transcripts contain commercially sensitive internal analyses performed by Ava Labs, which would place Ava Labs at a competitive disadvantage if disclosed.  Courts in this district have frequently recognized that a company's interest in preventing the disclosure of such proprietary business information outweighs the public's right of access to court documents.  *See Frontier Airlines*, 2022 WL 17718338, at * 2 (ordering sealing of "internal analysis of the then-existing market conditions"); *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (noting that courts "commonly grant a company's request for sealing of . . . internal analyses, business strategies, or customer negotiations"); *Seabury FXone, LLC v. U.S. Specialty Co.*, No. 1:21-CV-00837-ER, 2022 WL 2093427, at *2 (S.D.N.Y. June 10, 2022) (granting motion to seal valuation information submitted in connection with summary judgment motion).

Third, one exhibit to the Declaration of Chris Lavery in Support of Defendant Ava Labs, Inc.'s Motion for Summary Judgment contains details regarding Ava Labs employee compensation.  Sealing of this information is justified to prevent the needless disclosure of sensitive third-party financial information.  *See, e.g.*, *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 622 (S.D.N.Y. 2011) (noting that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation" because "[s]uch interests . . . are a venerable common law exception to the presumption of access").

Fourth, certain portions of the deposition transcript recount the deponents' employment history and the employment history of third parties.  Pursuant to Rule 9(A) of Your Honor's Individual Rules of Practice in Civil Cases, Defendants understand that this information may be redacted without prior court approval.

Finally, Ava Labs is not seeking to submit its memorandum of law or statement of material facts in support of its motion for summary judgment under seal.  For this reason, the requested redactions are not likely to negatively impact or otherwise implicate the public's ability to understand the Court's resolution of its motion for summary judgment.  *See U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (noting that common law presumption of public access is based on public's need for "access to testimony and documents that are used in the performance of Article III functions.").

Consistent with Rule 9(B)(ii) of Your Honor's Individual Rules of Practice in Civil Cases, Defendant will publicly file the relevant documents with the proposed redactions, and file a copy of the unredacted documents under seal with the proposed redactions highlighted.

Hon. Katherine P. Failla
March 24, 2023
Page 3


                                        Respectfully submitted,

                                        */s/ Mark Cuccaro*
                                        Mark Cuccaro


Application GRANTED.

The Clerk of Court is directed to terminate the pending
motion at docket number 51.

Dated:    March 27, 2023      SO ORDERED.
          New York, New York

                              HON. KATHERINE POLK FAILLA
                              UNITED STATES DISTRICT JUDGE